**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ameriprise Financial Services Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Henry Ekweani, et al.,<br><br>Defendants. | No. CV-14-00935-PHX-DGC<br><br>**ORDER** |

Plaintiff Ameriprise Financial Services, Inc. has requested a declaratory judgment that Plaintiff and Defendant Henry Ekweani do not have a binding arbitration agreement. Defendant has counterclaimed that Plaintiff breached its agreement to arbitrate. Both parties have filed motions for summary judgment. Docs. 26, 27. The motions are fully briefed. The Court will grant Plaintiff's motion for summary judgment.[1]

**I.      Background.**

Henry Ekweani and Ameriprise Financial Services, Inc. ("AFSI") have had a long but not loving relationship. Ekweani, a U.S. citizen of Nigerian origin, has a Ph.D. and is an economist. AFSI, a subsidiary of Ameriprise Financial, Inc. ("Ameriprise"), is in the financial planning business. In 2003, Ekweani was hired by a subsidiary of American Express. He signed an acknowledgment that he had read and agreed to American Express' arbitration policy. Doc. 34 at 30. In 2005, American Express announced the

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

spin-off of the company now known as Ameriprise. As part of this spin-off, Ekweani was eventually transferred from the American Express subsidiary to Ameriprise's subsidiary AFSI. *See* Doc. 25, ¶ 5; Doc. 34, ¶ 5. In 2005, Ameriprise reissued the American Express arbitration policy with Ameriprise's name inserted in the header. Doc. 34 at 42-49. The Ameriprise Arbitration Policy encompassed Ameriprise and its subsidiaries and stated: "The agreement between each individual employee and Ameriprise Financial to be bound by the Policy creates a contract requiring both parties to resolve all employment-related disputes that are based on a legal claim through final and binding arbitration." *Id.* at 42.

In 2007, AFSI ended its employment relationship with Ekweani. In 2008, Ekweani filed suit against Ameriprise, but not AFSI. *Ekweani v. Ameriprise*, No. 2:08-cv-01101-PHX-FJM.[2] Ekweani claimed that Ameriprise violated 42 U.S.C. §§ 1981 and 2000e by refusing to promote him and treating him disparately on account of his race and national origin and by firing him in retaliation for his complaints about discrimination. FJMDoc. 11. In response, Ameriprise moved to compel arbitration based on Ekweani's signed acknowledgment of American Express' arbitration policy. Ekweani opposed this motion, stating in a signed declaration that "I have never signed an agreement to arbitrate any employment-related disputes with Ameriprise Financial Inc." FJMDoc. 17-1 at 33. The court agreed with Ekweani, finding that Ameriprise lacked standing to enforce American Express' arbitration policy. FJMDoc. 25. The court did not address, nor did Ameriprise rely on, the separate Ameriprise Arbitration Policy that was attached to Ameriprise's reply brief. FJMDoc. 21-1. The court subsequently granted Ameriprise summary judgment on all of Ekweani's claims. FJMDocs. 124, 146.

In 2012, Ekweani decided to take advantage of arbitration proceedings. He first served a demand for arbitration on American Express, but then voluntarily dismissed the arbitration. In 2013, Ekweani served a demand for arbitration on AFSI, but not Ameriprise. Doc. 1-1. In this demand, Ekweani reasserted many of the claims he had

---

[2] Citations to the docket of this case will be prefaced by "FJMDoc."

- 2 -

brought in his previous lawsuit against Ameriprise. *Compare* Doc. 1-1 *with* FJMDoc. 11. Ekweani stated that jurisdiction for arbitration "is conferred by the American Express Company Employment Arbitration Policy dated on or about June 1, 2003 and the Ameriprise Financial, Inc. Employee Arbitration Policy, dated on or about October 1, 2005." Doc. 1-1, ¶ 4. Both of these policies were in the record of the previous lawsuit in which Ekweani opposed arbitration. FJMDocs. 14, 21-1. The policies contain identical language except for the date and name of the company. Doc. 34 at 21, 42.

AFSI filed this suit for a declaratory judgment that it does not have a binding arbitration agreement with Ekweani. Doc. 1. Ekweani, appearing *pro se*, answered and counterclaimed for breach of contract. Doc. 9. The dispute in the pending motions for summary judgment centers on whether the Ameriprise Arbitration Policy requires AFSI to submit to arbitration of Ekweani's claims.

## II.  Declaratory Judgment Jurisdiction.

This case comes in an unusual posture. Normally, a party will file a motion to compel arbitration or to stay court proceedings in favor of arbitration. *See* 9 U.S.C. §§ 3-4. In this case, however, AFSI has requested a declaratory judgment that arbitration is *not* required. An examination of whether the Court has jurisdiction over such a claim is in order. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists.").

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "This statute does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (citing *Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011)). "Congress created this remedy, in part, to allow potential defendants to file preemptive litigation to determine whether they have any legal

obligations to their potential adversaries." *Id.* (citing *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir.1996)). The Court has discretion to grant or deny declaratory relief. *Countrywide Home Loans, Inc.*, 642 F.3d at 852.

The Declaratory Judgment Act "does not provide an independent jurisdictional basis for suits in federal court." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950)). Consequently, before issuing a declaratory judgment a "district court must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). AFSI asserts jurisdiction on the basis of an underlying controversy involving a federal question. Doc. 1, ¶¶ 5-6.[3]

Ordinarily, federal-question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983). But in the context of a declaratory judgment action, courts look not solely to the plaintiff's complaint, but also "to the 'character of the threatened action'" that is anticipated by plaintiff's declaratory judgment action. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant . . . would necessarily present a federal question.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 19).

The threatened coercive action that AFSI's declaratory judgment action anticipates is an action by Ekweani to compel arbitration under the Federal Arbitration Act. *See* 9 U.S.C. § 4. Ekweani does not deny that he threatened to seek a court order to compel AFSI to arbitrate (Doc. 25, ¶ 25; Doc. 34, ¶ 25), and this is the action that AFSI's lawsuit is intended to preempt. The question, therefore, is whether an action by Ekweani to compel arbitration would present a federal question. The Federal Arbitration Act is not

---

[3] AFSI also asserts jurisdiction on the basis of diversity. The Court need not address this basis here.

- 4 -

itself a source of federal-question jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 n.32 (1983). Rather, the Arbitration Act allows a federal court to compel arbitration or stay a case for arbitration only if the underlying suit properly invokes federal jurisdiction. *Id.* (citing 9 U.S.C. §§ 3-4); *see Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009).

Here, a hypothetical suit by Ekweani to compel arbitration would invoke federal jurisdiction. The underlying suit involves claims of unlawful discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 2000e. Doc. 1-1. These claims clearly arise under federal law, and a motion to compel arbitration of these claims would satisfy jurisdictional requirements. For that reason, AFSI's declaratory judgment action presents a federal question and is properly before the Court.

**III.   Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**IV.   Analysis.**

AFSI argues that Ekweani waived or repudiated the Ameriprise Arbitration Policy by opposing arbitration with Ameriprise in the previous lawsuit. Alternatively, AFSI

argues that the Ameriprise Arbitration Policy is not binding because Ekweani never signed an agreement to be bound by this policy. The Court agrees that, assuming that the policy could be a binding agreement, Ekweani has waived his right to arbitration.

### A. Waiver.

The Federal Arbitration Act creates a national policy favoring arbitration. *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). A written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. But the "right to arbitration, like any other contract right, can be waived." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). "'Waiver of a contractual right to arbitration is not favored,' and, therefore, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). "Specifically, '[a] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Id.* (quoting *Fisher*, 791 F.2d at 694). Unless the arbitration agreement specifies that state law controls the rules for arbitration, the issue of waiver is decided under federal law. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269-70 (9th Cir. 2002).

The three prongs of the waiver test are satisfied. First, Ekweani had knowledge of his right to compel arbitration. Ameriprise adopted the policy in 2005. Doc. 34 at 42. Ekweani may have had knowledge of the policy when he began to work for AFSI, but he certainly had this knowledge when Ameriprise filed the policy in the record of Ekweani's previous lawsuit. FJMDoc. 21-1.

Second, Ekweani acted inconsistently with his right to arbitrate. A brief review of the relevant facts reveals the extent of his inconsistent actions. The Ameriprise Arbitration Policy went into effect in 2005, the same year Ekweani began to work for Ameriprise's subsidiary AFSI. The policy stipulated that Ameriprise Financial

1  (including its subsidiaries) and the employee, according to their agreement to be bound
2  by the policy, must "resolve all employment-related disputes that are based on a legal
3  claim through final and binding arbitration." Doc. 34 at 42. Despite this policy, Ekweani
4  brought suit against Ameriprise in 2008. When Ameriprise moved to compel arbitration,
5  Ekweani objected. He stated in a sworn declaration that "I have never signed an
6  agreement to arbitrate any employment-related disputes with Ameriprise Financial Inc."
7  FJMDoc. 17-1 at 33. By bringing suit against Ameriprise, opposing arbitration, and
8  completing his litigation, Ekweani acted inconsistently with his rights under the policy.

9  Ekweani argues that he did not act inconsistently by opposing Ameriprise's
10 motion to compel because Ameriprise's motion was based on the American Express
11 arbitration policy, not the Ameriprise Arbitration Policy. But Ekweani continued to
12 litigate his case to a decision even after Ameriprise disclosed the policy.

13 Ekweani also argues that he did not act inconsistently with his rights because the
14 previous lawsuit involved Ameriprise, not AFSI. Although he opposed arbitration with
15 Ameriprise, Ekweani argues that he has never opposed arbitration with AFSI. But the
16 same policy applies to both Ameriprise and AFSI. *See* Doc. 34 at 42 (defining
17 Ameriprise as "Ameriprise Financial, Inc. and its subsidiaries"). Ekweani cannot deny
18 Ameriprise's right to arbitration and then claim that right for himself when bringing
19 claims against an Ameriprise's subsidiary covered by the same arbitration policy.

20 Third, Ekweani's inconsistent acts have prejudiced AFSI. If Ekweani were
21 allowed to both oppose and enforce arbitration of his claims against Ameriprise and its
22 subsidiaries, AFSI would be stripped of any ability to control the forum while Ekweani
23 would be granted complete control. Furthermore, there is an unfairness in allowing
24 Ekweani to repudiate arbitration, impose full litigation costs on Ameriprise, and then
25 demand arbitration with an Ameriprise subsidiary.

26 Ekweani argues that AFSI cannot claim prejudice because the previous lawsuit
27 involved Ameriprise, not AFSI. But the previous lawsuit and the present demand for
28 arbitration involve the same issues, arguments, witnesses, and lawyers. *Compare* Doc. 1-

- 7 -

1 *with* FJMDoc. 11.  Where the issues are so similar and the relationship between Ameriprise and AFSI so close, it is reasonable to conclude that prejudice to Ameriprise is prejudice to AFSI as well.  Furthermore, AFSI had the right to rely on a court's earlier finding that arbitration of Ekweani's claims was not appropriate.  Allowing Ekweani to make an end run around this ruling would be prejudicial to AFSI.

The Court grants summary judgment for AFSI.  Ekweani has waived his right to arbitration of his employment-related legal disputes with AFSI.[4]

### B.   Breach of Contract Counterclaim.

Ekweani claims that AFSI breached its contract to arbitrate.  Because the Court has found that Ekweani waived his rights under the Ameriprise Arbitration Policy, Ekweani's claim that AFSI breached the policy necessarily fails.  The Court grants AFSI summary judgment on this counterclaim.

### V.   Attorney's Fees.

AFSI requests attorney's fees under A.R.S. § 12-341.01(A), which allows a court to award the successful party reasonable attorney's fees "[i]n any contested action arising out of a contract, express or implied[.]"  *Id.*  "A party is entitled to an award of its attorney's fees under § 12-341.01 if the plaintiff is not entitled to recover on the contract on which the action is based, or if the court finds that the contract on which the action is based does not exist."  *Berthot v. Sec. Pac. Bank of Ariz.*, 823 P.2d 1326, 1332 (Ariz. Ct. App. 1991).

Courts consider six factors in deciding whether attorney's fees should be granted under this statute.  *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985).  The Court finds that an award of attorney's fees might be appropriate in this case.  The

---

[4] The Court notes that Ekweani's position in this case is also barred by judicial estoppel, a doctrine the Court can raise *sua sponte*. *In re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 n.14 (7th Cir. 2010) ("the doctrine can be raised by courts sua sponte because judicial estoppel concerns the integrity of the judicial system independent of the interests of the parties"). Ekweani took a clearly inconsistent position in the previous lawsuit, succeeded in persuading the court in that case to accept his position that no arbitration policy applied to his claims, and would derive an unfair advantage or impose an unfair detriment on AFSI if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

Court will permit AFSI to file a memorandum setting forth its fees for this case and addressing the six factors.

**IT IS ORDERED:**

1. Ameriprise Financial Services, Inc.'s motion for summary judgment (Doc. 26) is **granted.**

2. The Court declares that Henry Ekweani has waived his right under the Ameriprise Arbitration Policy to arbitrate his employment-related legal disputes with Ameriprise Financial, Inc. and its subsidiaries.

3. Henry and Ijeamaka Ekweani's motion for summary judgment (Doc. 27) is **denied.**

4. Ameriprise Financial Services, Inc.'s motion to strike (Doc. 37) is **denied.**

5. Henry and Ijeamaka Ekweani's motion to refile their reply (Doc. 39) is **denied.**

6. AFSI shall file a memorandum regarding its attorneys' fees by **May 1, 2015**. Mr. Ekweani shall file a response by **May 15, 2015**. AFSI shall file a reply by **May 22, 2015**.

7. The Clerk of Court shall enter judgment consistent with this Order.

Dated this 16th day of April, 2015.

David G. Campbell
United States District Judge