**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ameriprise Financial Services Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Henry Ekweani, et al.,<br><br>Defendants. | No. CV-14-00935-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion for attorneys' fees pursuant to Local Rule 54.2 and A.R.S. § 12-341.01. Doc. 47. The motion is fully briefed, and neither party has requested oral argument. The Court will grant the motion in part.

**I.   Background.**

Plaintiff Ameriprise Financial Services, Inc. ("AFSI") filed an action for declaratory relief seeking a determination that it did not have a binding arbitration agreement with Defendant Henry Ekweani. Doc. 1. Defendant Ekweani counterclaimed that AFSI breached its contract to arbitrate employment disputes. Doc. 9. On April 16, 2015, the Court granted summary judgment in favor of AFSI on its claim for declaratory relief and on Defendant's claim for breach of contract. Doc. 42. The Court also permitted AFSI to file a memorandum on its request for an award of attorneys' fees. Plaintiff filed a memorandum seeking $49,422.00 in attorneys' fees. Doc. 47. The request is limited to the fees incurred in prosecuting the declaratory action and defending against Defendant's counterclaim. It does not include fees incurred by local counsel or

fees related to Plaintiff's unsuccessful motion to strike.

**II.     Legal Standard.**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The trial court has discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman,* 744 P.2d 444, 450 (Ariz. Ct. App. 1987). To determine whether to award attorneys' fees, courts consider the merits of the unsuccessful party's claim, whether the successful party's efforts were completely superfluous in achieving the ultimate result, whether assessing fees against the unsuccessful party would cause extreme hardship, whether the successful party prevailed with respect to all relief sought, whether the legal question presented was novel or had been previously adjudicated, and whether a fee award would discourage other parties with tenable claims from litigating. *Am. Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106-07 (D. Ariz. 2009) (citing *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)). No single factor is determinative. *See Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997).[1]

**III.    Analysis.**

Plaintiff seeks attorneys' fees under A.R.S. § 12-341.01(A), which permits a court to award fees to the prevailing party in an action "arising out of a contract, express or implied[.]" The claims asserted in this case arose of contract, as the parties disputed whether a contract for arbitration existed. *See Berthot v. Security Pac. Bank of AZ*, 823 P.2d 1326, 1332 (Ariz. Ct. App. 1991) ("A party is entitled to an award of its attorneys' fees under § 12-341.01 if the plaintiff is not entitled to recover on the contract on which the action is based, or if the court finds that the contract on which the action is based does not exist.") (overruled on other grounds).[2]

---

[1] This case has been administratively closed and Defendants have appealed, but the Court retains jurisdiction to issue an award of attorneys' fees. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

[2] Defendants assert that the Federal Arbitration Act ("FAA") does not permit

- 2 -

### A.   Merits of the Claims.

Defendants were unsuccessful on their counterclaim for breach of contract and in opposing Plaintiff's claim for declaratory relief.  Defendants opposed Plaintiff's action even after Ekweani had successfully opposed Ameriprise Financial Inc.'s (the parent company of AFSI) motion to compel arbitration in his previous employment discrimination case in federal court.  In that case, Ekweani swore that "I have never signed an agreement to arbitrate any employment-related disputes with Ameriprise Financial, Inc." Doc. 47 at 7.  Ekweani's federal court lawsuit was unsuccessful, and he followed it with a demand for arbitration asserting many of the same claims that were rejected in the lawsuit.  This prompted Plaintiff's lawsuit, which was necessary to avoid relitigating the same claims asserted by Defendants in the previous action.  Thus, not only did Plaintiff prevail on its claims, but Defendants' arguments in this case were also directly contrary to those he had previously asserted in federal court.  This factor favors Plaintiff's request for attorneys' fees.[3]

### B.   Extreme Hardship.

Plaintiff argues that assessing fees against Defendants would not cause extreme hardship because Ekweani's wife is an attorney and they have not had to pay any of their own attorneys' fees.  Defendants assert that an imposition of fees would cause extreme hardship, but they provide no evidence of their financial situation.  Doc. 49 at 10. Because "[t]he party asserting financial hardship has the burden of coming forward with *prima facie* evidence of the financial hardship," *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990), and Defendants have not done so, the Court finds that this factor weighs in favor of Plaintiff's request for fees.

---

attorneys' fees for the prevailing party, but Plaintiff seeks fees under Arizona law, not the FAA.  Moreover, because the Court has already found that no enforceable arbitration agreement exists in this case, Defendants cannot prevail on their argument that the arbitration agreement requires application of the FAA.

[3] Defendants dedicate several pages of their brief to rearguing the merits of their claims.  This is not the proper method to seek reconsideration of their claims, and the Court declines to rethink its decision.

- 3 -

### C. Extent of Victory and Difficulty of the Case.

Plaintiff prevailed on all the claims at the summary judgment stage. Contrary to Defendants' argument, the legal issues were not particularly difficult or novel, and Plaintiff was forced to litigate the case through discovery to the summary judgment stage. This factor favors an award of fees.

### D. Whether an Award Would Discourage Litigation.

Plaintiff argues that an award will not chill litigation because Defendants in this case had no legitimate claims or defenses. Defendants argue that an award would discourage parties from litigating employment matters. This case arose, however, only because Defendants sought two bites at the apple. After Ekweani lost his employment discrimination case in this Court, he sought to assert the same claims against essentially the same defendants through arbitration. Awarding fees in such a situation may discourage duplicative litigation, but the Court does not find that it would discourage pro se litigants from asserting their claims initially. Given the unusual facts of this case, this factor weighs in favor of an award.

### E. Reasonableness.

In analyzing whether attorneys' fees are reasonable, the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983). Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Id.* at 932. "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

Plaintiff submitted a declaration regarding counsel's experience and expertise as a trial attorney since 1987. Doc. 47-1, ¶¶ 2-7. It states that counsel charged $230 per hour

in this case, which counsel attests is below the normal market rate. *Id.*, ¶ 8. The declaration includes a spreadsheet detailing the time spent on each specific task. *Id.*, Ex. 1 at 7-10. In total, counsel spent nearly 214 hours on this case over an eleven-month period, which amounts more than $49,000 in attorneys' fees.

Because Plaintiff submitted an itemized list of the work done and fees incurred in this case, the burden shifts to Defendants to show that the fees are unreasonable. Defendants, however, do not dispute the reasonableness of the fees. Nor do they challenge any of the tasks performed by Plaintiff's counsel. Rather, they assert it would be a "gross miscarriage of justice" to award attorneys' fees to a "multi-billion dollar company against ordinary citizens." Doc. 49 at 12. Standing alone, this is not a reason to deny an award of fees, especially when Defendants have provided no evidence relating to their financial situation.

### F. Conclusion.

The Court finds, based on its knowledge of the Arizona market, that an hourly rate of $230 is reasonable. After reviewing the itemized statement, the Court also concludes that the time spent in this matter was reasonable given the nature of the issues involved.

Exercising its discretion, the Court will award Plaintiff $25,000 in attorneys' fees. The Court awards less than the full amount of the fees incurred because Defendants are individuals appearing pro se, and the Court elects to err on the side of avoiding any unnecessary hardship.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 47) is **granted in part**. Plaintiff is awarded $25,000 in attorneys' fees against Defendants.

Dated this 18th day of June, 2015.

_David G. Campbell_
Honorable David G. Campbell
United States District Judge